THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

JERRY LEE LEWIS, JUDITH LEWIS,

LORI LEWIS, and JERRY LEE LEWIS, III,

    Plaintiffs,

v.

EZEKIEL LOFTIN,

    Defendant.

Civil Action Number: _____

**Jury Demand**

# COMPLAINT

Comes the Plaintiffs, Jerry Lee Lewis, Judith Lewis, Lori Lewis, and Jerry Lee Lewis III, by and through their undersigned counsel, as and for their Complaint against Defendant Ezekiel Loftin ("Defendant"), allege as follows.

## **PARTIES**

1.    Plaintiff, Jerry Lee Lewis, ("Jerry Lee Lewis") is a world famous singer-songwriter, musician, and entrepreneur.

2.    Jerry Lee Lewis is a citizen of the United States and resides in DeSoto County, Mississippi.

3.    Jerry Lee Lewis regularly conducts business in this judicial district through and not limited to licensing his name to the owners of Jerry Lee Lewis's Café & Honky Tonk, located at 310 Beale Street, Memphis, Tennessee 38103.

4. Plaintiff, Judith Lewis, ("Judith Lewis") is the wife of Jerry Lee Lewis and assists Jerry Lee Lewis in handling his business affairs. Judith Lewis resides with Jerry Lee Lewis in DeSoto County, Mississippi.

5. Plaintiff, Lori Lewis, ("Lori Lewis"), is the daughter of Jerry Lee Lewis, and assists her father in handling his business affairs. Loris Lewis resides in Germantown, Tennessee.

6. Plaintiff, Jerry Lee Lewis, III, ("Jerry Lee Lewis, III") is the son of Jerry Lee Lewis, and assists his father in handling his business affairs. Jerry Lee Lewis, III, resides in DeSoto County, Mississippi.

7. Jerry Lee Lewis, Judith Lewis, Lori Lewis, and Jerry Lee Lewis, III, are sometimes, collectively, referred to herein as "Plaintiffs."

8. Upon information and belief, Defendant, Ezekiel Loftin is a citizen and resident of the Commonwealth of Virginia.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332 because Plaintiffs and Defendant are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

10. Upon information and belief, this Court has specific personal jurisdiction over Defendant based upon his tortious conduct in, and minimum contacts with the State of Tennessee.

11.     Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred in the District.

## FACTS

12.     Jerry Lee Lewis is a world-renowned musical artist. He is the recipient of several Grammy Awards and a lifetime achievement award from the National Academy of Recording Arts and Sciences. In 2004, Rolling Stone Magazine ranked him number 24, on their list of the 100 Greatest Artists of All Time.

13.     Jerry Lee Lewis is the last surviving member of the Sun Record's Million Dollar Quartet, which upon information and belief, is the basis for an upcoming American drama event television series based on the musical of the same name, set and filmed in Memphis, Tennessee, scheduled to be broadcast on CMT in November, 2016.

14.     Due to the nature of their careers, profession reputational assets are of particular importance to the livelihood of the plaintiffs.

15.     Upon information and belief, Defendant owns or controls a publication known as "Twisted South Magazine."

16.     Upon information and belief, Defendant is married to the daughter of Jerry Lee Lewis, Phoebe Lewis.

17.     Upon information and believe, Defendant controls and operates a Facebook account under the name Ezekiel Asa Loftin XII.

18. Upon information and belief, Defendant, through his Facebook account, regularly engages with and/or targets other social media users who are members of a Jerry Lee Lewis Fan Page or have an interest in Jerry Lee Lewis.

19. Upon information and belief, Defendant's Facebook page is accessible in this Judicial District, and all over the world.

20. Upon information and belief, Defendant uses his marriage to Phoebe Lewis to garner fame and notoriety as the son-in-law of musical legend Jerry Lee Lewis, despite having a contentious relationship with the rest of the Lewis family.

21. Upon information and belief, Defendant has a history of publishing defamatory and libelous material concerning other members of the Lewis family, including but not limited to, Jerry Lee Lewis, Judith Lewis, Lori Lewis and Jerry Lee Lewis, III.

22. In August of 2015, Plaintiffs, through counsel, provided Defendant with a cease and desist letter (attached as Exhibit A) in the hope that Defendant would refrain from his practice of publishing untrue and defamatory material about them.

23. Upon information and belief, on or about August of 2016, Defendant continued to post untrue and defamatory material concerning the Plaintiffs to his Facebook account directed to the public at large as well as specific Facebook users.

24. Upon information and belief, Defendant, referring to Jerry Lee Lewis and Judith Lewis, posted: "I am mad at him but I know drugs played a huge part in this. She was his caregiver and then went into elder abuse and someone handing a man drugs should not be pushing them to the alter in a wheel chair after signing documents saying she would not coerce him into signing any signatures or contracts…"

25. Upon information and belief, Defendant, referring to Jerry Lee Lewis, III, posted: "Jerry Lee Lewis III who was found NOT to be Jerry Lee Lewis's biological child by a DNA test performed during his divorce yet he clais[sic] to be his biological child."

26. Upon information and belief, Defendant posted:

> Now that horrible woman who is claiming to be Jerry Lee Lewis's daughter has been brought into the circle by Judith. You know the child (now grown) whose mother never got her a DNA test because she knew Lori was not his child. Now Judith is telling Jerry and everyone that Lori is his biological child and that is bullshit. Remember Lori Lee, who the judge called a "walking zombie," after she got so doped up she rolled over on her own baby and smothered it to death. Now she is in the house with the rest of that trash feeding Jerry pills and keeping him locked away from reality." She has convinced Jerry that Phoebe took some retirement money from him when Judith pried a safe out of a wall and took Phoebe's jewelry and cash from her bedroom which belonged to Jerry and Phoebe.

27. Upon information and belief, Defendant posted:

> The only person who knows what happened to that money is Judith who flies through it like a wildfire and now has sold most of Jerry's valuables and vehicles and is down to selling Tupperware and bottle caps touched by the Killer. Elder Abuse! And that bastard child Jerry Lee Lewis III is right there selling it.

28. Upon information and belief, Defendant, referring to Jerry Lee Lewis, posted, "It is obvious at this point the drugs and constant manipulation has taken its toll on the man and he has completely lost any grasp he had on reality."

29. Upon information and belief, Defendant, referring to Jerry Lee Lewis and Judith Lewis, posted:

> Jerry probably had no idea the sale was even going on. This is the ultimate White Trash sale. After taking all of Phoebe's jewelry stored

        at the house Judith was told by Jerry Lee, to send back the one ring be bought her for her 16th birthday after Phoebe called her daddy intears[sic] on the phone and telling him Judith had taken everything she had. The ring had been resized so huge by Judith it looked like a big toe ring and just fell right off Phoebe's hand.

30. The posts referenced above are untrue and outrageous.

31. Additionally, as a result of Defendant's posts, plaintiffs have suffered severe emotional distress.

## COUNT I
## LIBEL
### (Alleged on Behalf of each of Jerry Lee Lewis, Judith Lewis, Lori Lewis and Jerry Lee Lewis, III, separately)

32. Plaintiffs incorporate and restate each of the above paragraphs as if fully stated herein.

33. The statements that Defendant wrote and published concerning Plaintiffs, as detailed above, are false.

34. The false statements that Defendant made concerning Plaintiffs were published to various third parties.

35. In making these false statements, Defendant acted with wanton dishonesty such that punitive damages are warranted. Defendant has also acted with malice.

36. Defendant knew the statements to be false and acted intentionally in posting the statements to Facebook.

37. The statements about Plaintiffs were made with intent to injure Plaintiffs' business relationships. Additionally, Defendant's statements regarding elder abuse or any other

criminal activity on the part of Judith Lewis, Lori Lewis, or Jerry Lee Lewis, III, rise to the level of libel *per se*, and no proof of special harm or damages is necessary.

38. To the extent proof of special harm or damages is necessary, as a proximate cause of Defendant's libelous statements, Plaintiffs have suffered special damages to their reputations and to their existing and potential business relationships in an amount to proven at trial.

## COUNT II
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
**(Alleged on Behalf of each of Jerry Lee Lewis, Judith Lewis, Lori Lewis and Jerry Lee Lewis, III, separately)**

39. Plaintiffs incorporate and restate each of the above paragraphs as if fully stated herein.

40. The words employed by Defendant in the above referenced Facebook posts were extreme, outrageous, and embarrassing.

41. By the act of publishing the above referenced Facebook posts, Defendant intended to cause Plaintiffs to suffer emotional distress.

42. It was foreseeable that Defendants outrageous and unprotected language would cause Plaintiffs to sustain severe emotional injury as they did.

43. The actions of the Defendant caused Plaintiffs to suffer severe emotional distress and they were injured thereby.

## COUNT III
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
**(Alleged on Behalf of Jerry Lee Lewis, Judith Lewis, Lori Lewis, and Jerry Lee Lewis, III)**

44.   Plaintiffs incorporate and restate each of the above paragraphs as if fully stated herein.

45.   As a result of Defendant's negligence, Plaintiffs have suffered severe emotional distress.

46.   It was foreseeable that Defendant's extreme, outrageous, and unprotected language would cause Plaintiffs to sustain severe emotional injury as they did.

## COUNT IV
## FALSE LIGHT
**(Alleged on Behalf of each of Jerry Lee Lewis, Judith Lewis, Lori Lewis and Jerry Lee Lewis, III, separately)**

47.   Plaintiffs incorporate and restate each of the above paragraphs as if fully stated herein.

48.   Statements embodied in Defendant's Facebook posts contained facts and positions that were falsely attributed to Plaintiffs and were untrue.

49.   By attributing the traits set forth in Defendant's Facebook posts to the Plaintiffs, Defendant placed Plaintiffs in a false light before the public. Quite the contrary, Plaintiffs are not as Defendant described in his publications.

50.   The false light in which the Plaintiffs were placed by Defendant's statements would be highly offensive to any person.

51. Defendant publicized the statements by posting them on the largest social media network in the world.

52. As result of the above-mentioned Facebook posts, Plaintiffs have suffered injury to their reputation, and severe emotional distress.

## COUNT V
## PUNITIVE DAMAGES

53. Plaintiffs incorporate and restate each of the above paragraphs as if fully stated herein.

54. The actions of the Defendant were wanton, reckless, willful, and outrageous.

55. Defendant published the above described comments to Facebook with reckless disregard as to where the statements contained in the posts were false or not.

56. As described above, the Defendant's actions have caused injury to Plaintiffs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that the Court grant them relief as follows:

1. On the first cause of action, direct, special, and/or punitive damages to Plaintiffs in an amount to be determined at trial.

2. On the second cause of action, direct, special, and/or punitive damages to Plaintiffs in an amount to be determined at trial.

3. On the third cause of action, direct, special, and/or punitive damages to Plaintiffs in an amount to be determined at trial.

4. On the fourth cause of action, that Plaintiff be awarded punitive damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS.

5. That the Court award Plaintiffs pre-judgment interest, attorneys' fees and costs, and such other and further relief as this Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury of claims so triable.

Respectfully Submitted By:

/s/J. D. Barton
J. D. Barton #13494
*Attorney for Plaintiffs*
6565 Highway 51 North
Millington, TN  38053
(901) 872-4599
dmilegal@rittermail.com